# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARLIN RESINGER, III,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 19-161-JHP-KEW** |
| ) | |
| **MIKE BOLT, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 7). Petitioner, who is represented by counsel in this action, is a prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is attacking his conviction in Seminole County District Court Case No. CF-2005-66-A for two counts of First Degree Murder and one count of First Degree Arson.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on August 1, 2006, Petitioner entered guilty pleas to the three counts in Case No. CF-2005-66A, and his Judgment and Sentence was entered. (Dkts. 8-1, 8-2, 8-3). The conviction became final ten days later on August 11, 2006, because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on August 12, 2006, and it expired on August 12, 2007. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas petition, filed on May 21, 2019, was untimely. (Dkt. 2).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a

properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. On July 25, 2017, Petitioner filed in the state district court an application for post-conviction relief or alternatively, a request for an appeal out of time. (Dkt. 8-5). Following an evidentiary hearing at which Petitioner testified (Dkt. 8-7), on October 19, 2018, the state district court issued an order denying the application. (Dkt. 8-8). The court found, in part, that Petitioner "never sought any relief since he was sentenced in 2006." *Id*. at 2. The Oklahoma Court of Criminal Appeals affirmed on March 1, 2019 in Case No. PC-2018-1171 (Dkt. 8-9).

Because Petitioner did not initiate his post-conviction proceedings before the limitation period expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)). Further, Petitioner's suggestion that his post-conviction proceedings created a new factual predicate under 28 U.S.C. § 2244(d)(1)(d) is meritless.

**Actual Innocence Claim**

Petitioner alleges he is actually innocent of murder, and is guilty only of arson and being an accessory after the fact. While "[a] claim of actual innocence may toll the AEDPA statute of limitations," *Larson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007), the claim must amount to a colorable showing of "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Demarest v. Price*, 130 F.3d

922 (10th Cir. 1997) ("[F]actual innocence means that 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. at 942 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Actual innocence is not a constitutional claim; it merely serves as a gateway through which a habeas petitioner may pass to gain federal court review of constitutional claims that are otherwise barred by the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). In Petitioner's case, the Court finds he has failed at his attempt to show actual innocence. In support of his claim of innocence, he cites only to his own testimony at the post-conviction evidentiary hearing that he did not participate in the shootings and that he is guilty only of arson and of being an accessory after the fact. (Dkt. 2 at 12-13). Such self-serving assertions of innocence do not constitute credible, reliable evidence sufficient to show actual innocence. *See Pfeil v. Everett*, 9 F. App'x 973, 979 (10th Cir. 2001) ("two self-serving assertions of innocence" are "insufficient to make a colorable showing of innocence"). Petitioner's claim of actual innocence is further undermined by his guilty pleas and his admission that he shot one victim and aided and abetted the shooting of the other. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").

**Equitable Tolling**

Petitioner also argues that the statute of limitations for a habeas petition may be

subject to equitable tolling. (Dkt. 2 at 3). He, however, carries the burden of establishing equitable tolling, which is "to be applied sparingly." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). Because Petitioner has failed to argue and prove these two elements, the Court finds he is not entitled to equitable tolling of the statute of limitations.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's time-barred petition (Dkt. 7) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 10th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma